## ISAAC. W. HATCH *vs.* E. W. GAGE.

October Term, 1897.

Present: ROSS, C. J., TAFT, ROWELL, START and THOMPSON, JJ.

*Payment—When Money and Goods not Applied May be Recovered.*

The plaintiff claimed to have paid the defendant money, and to have furnished him produce, under an agreement that when they amounted to a certain sum they should be indorsed upon notes which the defendant held against the plaintiff. The defendant denied that he had received the money, and claimed that he had received the produce expecting to indorse it when the plaintiff gave him the price. No indorsement was ever made, and the plaintiff, having paid the note otherwise, brought this action for the money and produce. *Held,* that the defendant was not entitled to an instruction that the plaintiff could not recover without establishing such an agreement as he claimed, for upon the defendant's own testimony the produce was not received as present payment.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury at the December Term, 1896, Addison County, *Tyler,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

*W. W. Rider* for the defendant.

No question is made but that the cash and produce were delivered to be applied as part payment; but the plaintiff claims that the agreement to postpone the indorsement, and the subsequent refusal to indorse, bring the case within the rule of *Chellis* v. *Woods,* 11 Vt. 466, so that assumpsit will lie for their recovery. The question, then, was, whether the agreement was established, and the defendant was entitled to the instruction.

*J. W. Page* and *D. J. Foster* for the plaintiff.

The rule is well settled that in order to constitute payment, the money must be delivered and received as payment; if left for subsequent adjustment or future appli-

cation, it is not payment. *Strong* v. *McConnell,* 10 Vt. 231;
*Chellis* v. *Woods,* 11 Vt. 466; *McNeal* v. *Strong,* 16 Vt. 640;
*Cushman* v. *Hall,* 28 Vt. 656; *Cass* v. *McDonald,* 39 Vt.
65; *Bronson* v. *Rugg,* 39 Vt. 241; *Jewett* v. *Winship,* 42
Vt. 204.

Moreover, where property is delivered to be applied in
payment of a note and the party so receiving it refuses to
indorse it in accordance with the agreement, and the note is
otherwise paid, the value of the property may be recovered.
*McNeal* v. *Strong,* 16 Vt. 640.

ROWELL, J.   The plaintiff's testimony tended to show
that the money and the produce sued for were paid and
delivered to the defendant under an agreement that they
were not to be indorsed on the notes that defendant held
against him until they amounted to enough to cancel the
interest due at the end of the year, when they were to be
indorsed.   The defendant denied having received any of the
money and some of the produce, and said that what
produce he did receive he expected to allow the plaintiff for
on the notes when the time came around that he knew the
price, but that the plaintiff never gave him the price, and so
he never put the articles on the notes.

For some months prior to December 2, 1895, when the
notes were paid and taken up, the parties were in contro-
versy about the payment of the money and the delivery of
the produce; and at the time the notes were paid, the
plaintiff tried to have the same allowed and applied on the
notes, which the defendant refused to do, and so the appli-
cation was not made.

The court correctly refused to charge that the plaintiff
could not recover unless the jury found such an agreement
as he claimed in reference to postponing indorsement, for
the testimony on neither side tended to show that the
produce was delivered and received as present payment on
the notes, but that both parties contemplated a subsequent
adjustment and application, although they differed as to

when that was to be made; and as to the money, the defendant denied the receipt of any of it, and the making of any agreement with the plaintiff concerning the indorsement of it or of the produce.

*Judgment affirmed.*